UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



KIMBERLEY A. TUCKER,

    Plaintiff,

v.                                 ACTION NO: 2:13cv530

SCHOOL BOARD OF THE CITY
OF VIRGINIA BEACH,

and

Patti Jenkins,

    Defendants.

## ORDER

This matter is before the court on the Motion to Dismiss ("Motion"), filed by the School Board of Virginia Beach and Patti Jenkins (collectively, the "Defendants"), on July 11, 2014. ECF No. 43. The Plaintiff, Kimberley A. Tucker, filed a Memorandum in Opposition ("Opposition"), on July 18, 2014. ECF No. 45. The Defendants filed their Rebuttal Memorandum ("Rebuttal") on July 24, 2014. ECF No. 47. On July 25, 2014, this matter was referred to United States Magistrate Judge Lawrence R. Leonard, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b) to conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned district judge

proposed findings of fact, if applicable, and recommendations for the disposition of the Motion.

On July 29, 2014, the Plaintiff requested oral argument, ECF No. 49, and on August 8, 2014, the Magistrate Judge conducted a hearing. The Magistrate Judge filed the Report and Recommendation ("R&R") on August 29, 2014. ECF No. 52. The Magistrate Judge recommended granting the Defendants' Motion in part and denying in part. Specifically, the Magistrate Judge recommended that the Motion be denied in part to the extent it seeks dismissal of Counts I, IV, and V, and be granted in part to the extent it seeks dismissal of Count III.[1]

By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. On September 12, 2014, the Defendant filed Objections to the R&R, ECF No. 53, to which the Plaintiff responded on September 23, 2014. ECF No. 54. The Plaintiff does not object to the Magistrate Judge's recommendation to dismiss Count III. See Resp. at 5.

The Defendants make two objections to the R&R. First, the Defendants contend that the Magistrate Judge erred in finding a factual nexus between the Amended Complaint and the original Complaint, on the grounds that the Magistrate Judge applied the test from Grattan v. Burnett, 720 F.2d 160 (4th Cir. 1983),

---

[1] The Defendants did not include Count II in their Motion.

2

instead of the test from Mayle v. Felix, 545 U.S. 644 (2005). Objections at 1. Second, and relatedly, the Defendants claim that the Magistrate Judge erred in recommending that this court deny their Motion to Dismiss Counts I, IV, and V, on the basis that relation back is improper. Id. at 1-2. The Objections made by the Defendants repeat the substance of their Motion to Dismiss. See Mem. Supp. Mot. Dismiss at 8-13; see also Rebuttal at 3-6.

The Magistrate Judge correctly concluded that the holding of Mayle is limited to the context of federal habeas proceedings. R&R at 6-7. Further, the R&R correctly stated that the standard for the determination of relation back in an employment discrimination case such as this requires, "(i) that there is a factual nexus between the amendments and the prior pleading, and (ii) that a defendant had sufficient notice of these new claims such that he will not suffer prejudice if the amendments are found to relate back." Id. at 5 (quoting Vitullo v. Mancini, 684 F. Supp. 2d 747, 754 (E.D. Va. 2010)) (citing Goodman v. Praxair, Inc., 494 F.3d 458, 469-70 (4th Cir. 2007) (en banc); Grattan, 710 F.2d at 163; Davis v. Piper Aircraft Corp., 615 F.2d 606, 614 (4th Cir. 1980)).

In applying the aforementioned two-prong approach, the Magistrate Judge concluded that there is a sufficient factual nexus between the Plaintiff's original Complaint and Amended

3

Complaint because "[b]oth concern the events leading up to [Plaintiff's] termination at [Lynnhaven Middle School], and in both the termination was the ultimate wrong of which [she] complained." Id. at 11 (quoting Grattan, 710 F.2d at 163) (alterations in R&R). Further, the Magistrate Judge found that the "Defendants [would] not be prejudiced by the amendment because they were on notice of the possible claims and liability through the EEOC charge." Id. at 12. Thus, the Plaintiff meets the two-pronged relation back standard from Grattan. Accordingly, the Magistrate Judge recommended that this court deny the Motion to Dismiss Counts I, IV, and V, because the claims relate back to the timely filing of the Plaintiff's original Complaint. Id. at 14.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which the Parties have specifically objected. Fed. R. Civ. P. 72(b). The court may accept, reject, or modify, in whole or in part, the recommendations made by the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). This court, having examined the Objections to the Magistrate Judge's R&R, and having made de novo findings with respect thereto, overrules the Defendants' Objections, and does hereby adopt and approve in full the findings and

4

recommendations set forth in the R&R of the United States Magistrate Judge filed on August 29, 2014. Accordingly, the court **DENIES in part** the Defendants' Motion to Dismiss to the extent it seeks dismissal of Counts I, IV, and V, and **GRANTS in part** the Motion to the extent it seeks dismissal of Count III. The Clerk is **DIRECTED** to forward a copy of this Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

October 31, 2014